Filed 2/17/26  Reyes-Gonzalez v. Color Marble CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| GUSTAVO REYES-GONZALEZ, | B343807 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 22STCV31907) |
| v. | |
| COLOR MARBLE INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Metzger Law Group, Raphael Metzger, Brian P. Barrow; Brayton Purcell, Gilbert L. Purcell and Jason M. Rose for Plaintiff and Appellant.

Yang Professional Law Corporation, Rey S. Yang and Johanna Boktor for Defendant and Respondent.

# INTRODUCTION

Gustavo Reyes-Gonzalez appeals from a judgment in favor of Color Marble Inc. following a jury trial on his causes of action for strict products liability (failure to warn and design defect) and negligence.  Reyes-Gonzalez claimed that Color Marble sold natural and artificial stone products he fabricated into residential countertops and that, because he was exposed to respirable crystalline silica (fine dust generated while cutting and polishing artificial stone products), he developed silicosis, a serious lung disease.  After the jury found Color Marble not liable on Reyes-Gonzalez's strict products liability causes of action but liable on his negligence cause of action, the trial court granted Color Marble's motion for judgment notwithstanding the verdict and entered judgment in favor of Color Marble.  Reyes-Gonzalez argues that, because Color Marble agreed to use a general verdict form, Color Marble forfeited the right to move for judgment notwithstanding the verdict.  He also argues that the trial court applied an incorrect legal standard in ruling on Color Marble's motion for judgment notwithstanding the verdict and that, because substantial evidence supported the jury's verdict on the negligence cause of action, the court erred in granting the motion.

Reyes-Gonzalez has not demonstrated the trial court erred.  First, there was no forfeiture.  Second, the court applied the correct legal standard in ruling on Color Marble's motion.  Third, though Reyes-Gonzalez argues substantial evidence supported the jury's verdict against Color Marble on his negligence cause of action, the record on appeal does not include that evidence (if it exists).  The trial in this case lasted approximately a month, yet Reyes-Gonzalez did not include in the record on appeal the reporter's transcript of the trial or any of the exhibits admitted at

trial. Thus, the record is inadequate for us to consider Reyes-Gonzalez's arguments. And finally, even if the record contained evidence supporting the things Reyes-Gonzalez claims it says, he has not demonstrated substantial evidence supported each element of his cause of action for negligence. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Reyes-Gonzalez Sues Manufacturers, Importers, and Distributors of Artificial Stone Products, Including Color Marble*

Reyes-Gonzalez filed this action against numerous manufacturers, importers, and distributors of natural and artificial stone products, including Color Marble, asserting causes of action for negligence, products liability (failure to warn and design defect), and fraudulent concealment.[1] Reyes-Gonzalez alleged that, while fabricating countertops made of natural and artificial stone products from 2007 to 2022, he inhaled "significant amounts of silica, metals, and other toxic chemicals." Reyes-Gonzalez alleged that he developed silicosis, that he received "extensive medical treatments and hospitalizations, including a double lung transplant to save his life," and that his exposure to respirable crystalline silica and other toxic hazards was a substantial factor in causing his lung disease.

---

[1] Reyes-Gonzalez apparently dismissed his cause of action for fraudulent concealment and his claim for punitive damages against Color Marble.

Reyes-Gonzalez alleged he worked with various artificial and natural stone products supplied by Color Marble.

In his negligence cause of action Reyes-Gonzalez alleged the defendants "failed to adequately warn [him] of the toxic hazards of their stone products and failed to provide adequate instructions . . . how to safely use their products so as to prevent him from developing and suffering from silicosis." In his strict liability failure to warn cause of action Reyes-Gonzalez alleged the defendants' products were defective "because they lacked warnings adequate to apprise [him] of their toxic hazards and their serious effects upon the human body, and they lacked instructions for handling and use adequate to prevent" his exposure to "toxic stone products," including silica and toxic metals. And in his strict liability design defect cause of action Reyes-Gonzalez alleged the defendants' products "were defective in their design because they failed to perform as safely as an ordinary user would expect when used in an intended or reasonably foreseeable manner and the risks inherent in said design outweighed the benefits."

B.      *The Jury Finds for Color Marble on Reyes-Gonzalez's Strict Liability Causes of Action, but for Reyes-Gonzalez on His Negligence Cause of Action*

The jury trial involving Color Marble and two other defendants took place in June and July 2024.[2]  The jury returned a verdict in favor of Color Marble on Reyes-Gonzalez's two products liability causes of action and in favor of Reyes-Gonzalez

---

[2]      The record does not include any minute orders documenting the trial or transcripts of the proceedings.

on his negligence cause of action.  The jury awarded Reyes-Gonzalez more than $50 million in economic and non-economic damages and found Color Marble liable for 2.5 percent of that amount.

C.      *Color Marble Files a Motion for Judgment Notwithstanding the Verdict*

Color Marble filed a motion for judgment notwithstanding the verdict on Reyes-Gonzalez's negligence cause of action, arguing, among other things, Reyes-Gonzalez failed to prove Color Marble breached the applicable standard of care. Color Marble asserted that its expert industrial hygienist testified "the obligations of a retail distributor like Color Marble to provide a safety data sheet is dependent upon the employer making a written request from Color Marble for that safety data sheet" and that its general manager testified Color Marble would provide its customers with a safety data sheet upon request. According to Color Marble, Reyes-Gonzalez presented no evidence regarding the applicable standard of care and no evidence his employer ever requested a safety data sheet from Color Marble.

Reyes-Gonzalez opposed the motion, asserting the trial court instructed the jury that, "as a distributor of goods, like any other person, Color Marble had a legal duty to exercise reasonable care."  Reyes-Gonzalez argued the jury could have found Color Marble breached that duty by "failing to give any warning whatsoever that exposure to silica dust from fabricating the stone slabs that it distributed causes silicosis, or by failing to provide any safe use instructions to prevent silicosis, or by failing to provide any off-label safe use instructions, or by distributing an inherently dangerous product at all."  And, Reyes-Gonzalez

5

argued, "[g]iven the testimony of the two Color Marble representatives that it never provided any warnings, instructions, or safety measures to its customers how to fabricate the slabs it sold safely so as not to cause silicosis, . . . the jury was justified in finding that Color Marble was negligent . . . and that its negligence was a cause of [Reyes-Gonzalez's] silicosis."

In reply, Color Marble argued that in general "'expert testimony is required to establish the standard of care that applies to a professional.'" Color Marble also argued that, by citing in his opposition only evidence not admitted at trial, Reyes-Gonzalez effectively conceded he did not present any relevant expert testimony.

D.     *The Trial Court Grants Color Marble's Motion for Judgment Notwithstanding the Verdict and Enters Judgment in Favor of Color Marble*

The trial court granted Color Marble's motion for judgment notwithstanding the verdict on several grounds. The court stated that, unlike a cause of action for strict products liability, a cause of action for negligent failure to warn "focuses on a defendant's knowledge and actions." Thus, the court stated, the jury could have found Color Marble liable for negligence only "if there was evidence of a foreseeable risk of harm from its distribution of stone slabs" and "evidence that Color Marble knew or should have known about the likelihood and severity of the potential harm." The court ruled that, because Reyes-Gonzalez did not introduce any evidence on these elements, substantial evidence did not support the negligence verdict. The court entered

6

judgment in favor of Color Marble on November 14, 2024, and Reyes-Gonzalez timely appealed.[3]

## DISCUSSION

A.  *Color Marble Did Not Forfeit Its Right To Bring a Motion for Judgment Notwithstanding the Verdict*

Reyes-Gonzalez argues that, "by stipulating to a general verdict form, Color Marble waived its ability to challenge the sufficiency of the evidence."  Reyes-Gonzalez is incorrect.

The jury may return a general verdict or a special verdict. "A general verdict is that by which [the jurors] pronounce generally upon all or any of the issues, either in favor of the plaintiff or defendant . . . ."  (Code Civ. Proc., § 624.)  When a plaintiff asserts multiple causes of action, the verdict form may ask the jurors to find generally for the plaintiff or defendant on each cause of action, effectively calling for a series of general verdicts.  (*Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1347, fn. 7.)  A "special verdict is that by which the jury finds the facts only, leaving the judgment to the Court.  The special verdict must present the conclusions of fact as established by the evidence, and not the evidence to prove them; and those conclusions of fact must be so presented as that nothing shall

---

[3]  In March 2025 the court amended the judgment to include an award of costs to Color Marble, an award Reyes-Gonzalez challenges in a companion appeal (B350612).  Color Marble moved to dismiss this appeal because Reyes-Gonzalez appealed from the November 2024 judgment, not the March 2025 judgment.  We denied the motion.

7

remain to the Court but to draw from them conclusions of law." (Code Civ. Proc., § 624.)

Using a general rather than special verdict has significant consequences, including giving the respondent several advantages on appeal. For example, "a general verdict 'implies a finding in favor of the prevailing party of every fact essential to the support of his action or defense.'" (*TRC Operating Co., Inc. v. Chevron USA, Inc.* (2024) 102 Cal.App.5th 1040, 1097-1098; see *Henderson v. Harnischfeger Corp.* (1974) 12 Cal.3d 663, 673 [a "general verdict implies a finding in favor of the prevailing party on every fact essential to the support of his action or defense"].) When the parties use a special verdict form, the reviewing court will not imply findings in favor of the prevailing party. (*Drink Tank Ventures LLC v. Real Soda in Real Bottles, Ltd.* (2021) 71 Cal.App.5th 528, 545; *Taylor v. Nabors Drilling USA, LP* (2014) 222 Cal.App.4th 1228, 1242.)

In addition, "[w]here two theories are presented to a jury, of which only one is supported by substantial evidence, and a general verdict is returned in favor of the plaintiff, it is presumed that the verdict was based on the theory that is supported by the evidence. [Citation.] 'Thus, on review of the underlying judgment, the general verdict will be upheld if sufficient as to any one of the causes of action alleged.'" (*Regalado v. Callaghan* (2016) 3 Cal.App.5th 582, 596.) For example, if the plaintiff presents multiple theories regarding a defendant's negligence (such as general negligence, premises liability, and liability based on retention of control over safety conditions), and the jury returns a general verdict finding the defendant negligent, the reviewing court will affirm the judgment if substantial evidence supported any of the plaintiff's theories of liability. (*Ibid*.)

8

But one thing a general verdict does not do is waive or forfeit anyone's right to move for judgment notwithstanding the verdict. Indeed, parties commonly move for judgment notwithstanding the verdict where the court has used a general verdict. (See, e.g., *Cox v. Griffin* (2019) 34 Cal.App.5th 440, 446; *Prince v. Invensure Ins. Brokers, Inc.* (2018) 23 Cal.App.5th 614, 620; *Quantum Cooking Concepts, Inc. v. LV Associates, Inc.* (2011) 197 Cal.App.4th 927, 930; *Ritter & Ritter, Inc. Pension & Profit Plan v. The Churchill Condominium Assn.* (2008) 166 Cal.App.4th 103, 113-115.) Reyes-Gonzalez cites no authority for the proposition a party may not move for judgment notwithstanding a general verdict.

Neither of the two cases Reyes-Gonzalez cites, *Wysinger v. Automobile Club of Southern California* (2007) 157 Cal.App.4th 413 and *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, supports his argument that, by agreeing to use a general verdict, Color Marble waived or forfeited the right to move for judgment notwithstanding the verdict. In *Wysinger* the court held the defendant forfeited the argument the jury failed to specify which damages were attributable to which of two employment-related cause of action because the defendant "did not request specific findings on the damages for each successful claim" and because the defendant failed to demonstrate "that there was a lack of substantial evidence" or show "why or how the damages for either claim would be different." (*Wysinger*, at p. 427.) But the court said nothing about waiving or forfeiting the right to move for judgment notwithstanding the verdict by using a general verdict.

In *Boeken* the court rejected the defendant's argument the plaintiff failed to prove all elements of his strict liability cause of

9

action. (*Boeken v. Philip Morris, Inc.*, *supra*, 127 Cal.App.4th at pp. 1667-1668.) In that case the plaintiff claimed the defendant was strictly liable for a design defect under two theories (the risk/benefit test and the consumer expectations test), and the jury returned a general verdict in favor of the plaintiff. On appeal the defendant challenged the jury's verdict, but failed to address the consumer expectations theory. The court in *Boeken* rejected the defendant's argument because the defendant did "not address all theories of product liability presented to the jury" and therefore "the verdict [could] be affirmed on the basis of the consumer expectations test." (*Id*. at p. 1668.) Here, because the verdict form asked the jury to return a general verdict on each of Reyes-Gonzalez's three causes of action, multiple theories of liability on a single cause of action are not at issue. Nothing in *Boeken* about losing the right to move for judgment notwithstanding verdict because the court used a general verdict.

B.      *Reyes-Gonzalez Has Not Demonstrated the Trial Court Erred in Granting Color Marble's Motion for Judgment Notwithstanding the Verdict*

Reyes-Gonzalez argues that the trial court applied an incorrect legal standard in ruling on Color Marble's motion for judgment notwithstanding the verdict and that, because substantial evidence supported the jury's verdict on his cause of action for negligence, the trial court erred in granting that motion. Reyes-Gonzalez's first argument fails because it is wrong on the merits; the trial court applied the correct legal standard. Reyes-Gonzalez's second argument fails because it is unreviewable; Reyes-Gonzalez did not include in the record on appeal the reporter's transcript of the month-long trial or a

10

suitable alternative.  (See Cal. Rules of Court, rule 8.120(b).)
And third, Reyes-Gonzalez has not even argued substantial
evidence supported every element of his cause of action for
negligence.

### 1.  *Standard of Review*

"'"A motion for judgment notwithstanding the verdict may
be granted only if it appears from the evidence, viewed in the
light most favorable to the party securing the verdict, that there
is no substantial evidence in support. . . .  As in the trial court,
the standard of review [on appeal] is whether any substantial
evidence—contradicted or uncontradicted—supports the jury's
conclusion."'" (*Webb v. Special Electric Co., Inc.* (2016) 63 Cal.4th
167, 192, brackets in original; see *Cabral v. Ralphs Grocery Co.*
(2011) 51 Cal.4th 764, 770; *Doe v. County of Orange* (2025)
113 Cal.App.5th 1276, 1284.)  "We, like the trial court, may not
reweigh the evidence or judge the credibility of witnesses.  "'"If
the evidence is conflicting or if several reasonable inferences may
be drawn, the motion for judgment notwithstanding the verdict
should be denied . . . ."'"'" (*Kruthanooch v. Glendale Adventist
Medical Center* (2022) 83 Cal.App.5th 1109, 1122; see
*Johnson& Johnson Talcum Powder Cases* (2019) 37 Cal.App.5th
292, 313.)  When reviewing an order granting a motion
notwithstanding the verdict, we "resolve any conflict in the
evidence and draw all reasonable inferences therefrom in favor of
the jury's verdict." (*Kruthanooch*, at p. 1122, internal quotation
marks omitted; see *Doe*, at p. 1284.)

11

2. *Reyes-Gonzalez Has Not Demonstrated the Trial Court Applied an Incorrect Legal Standard*

In a single paragraph in his opening brief Reyes-Gonzalez argues the trial court, in ruling on Color Marble's motion for judgment notwithstanding the verdict, "did not view the evidence in a light most favorable to the general verdict," "saw fit to criticize the specificity of even undisputed evidence and to question the credibility of Reyes-Gonzalez and other witnesses," and "rather than burdening Color Marble with showing the verdict was unsupported, . . . improperly required Reyes-Gonzalez to defend the jury's factual findings." His argument fails for at least two reasons.

First, though the trial court was, as Reyes-Gonzalez suggests, skeptical of the testimony of several witnesses regarding Reyes-Gonzalez's exposure to products supplied by Color Marble, the court properly deferred to the jury's (apparently positive) view of that testimony. The court stated: "In this case, there was very vague testimony by plaintiff and two co-workers that plaintiff worked on some stone slabs from Color Marble. While the Court did not find this testimony especially credible, based on the demeanor of the witnesses, the lack of any real specifics and the lack of any contemporaneous documents, *credibility was a decision for the jury*." (Italics added.) Thus, contrary to Reyes-Gonzalez's assertion, the court viewed the evidence in the light most favorable to the jury's verdict and did not improperly reweigh the evidence or substitute its judgment about witness credibility for the jury's. (See *Kruthanooch v. Glendale Adventist Medical Center*, *supra*, 83 Cal.App.5th at p. 1122.)

12

Second, the transcript of the hearing on Color Marble's motion for judgment notwithstanding the verdict and the trial court's order granting the motion do not, as Reyes-Gonzalez suggests, indicate the court placed the burden on him rather than on Color Marble. True, at the hearing the court focused in part on what it perceived were deficiencies in Reyes-Gonzalez's opposition to Color Marble's motion. But in doing so, the court did not shift the burden to Reyes-Gonzalez. The court was looking for evidence of Color Marble's breach of the duty of care (i.e., substantial evidence to support the jury's verdict). Asking counsel for Reyes-Gonzalez where to find that evidence, to the extent Reyes-Gonzalez did not identify it in his opposition, was perfectly appropriate. And though the court also stated in its order Reyes-Gonzalez failed to identify substantial evidence to support the jury's verdict, the court's statement was not an indication it was applying an incorrect legal standard. Rather, the court observed Reyes-Gonzalez failed at trial to offer substantial evidence on each element of his negligence cause of action. That is, after all, the key issue for the court on a motion for judgment notwithstanding the verdict. (See *Doe v. County of Orange*, *supra*, 113 Cal.App.5th at p. 1284.)

       3.    *Reyes-Gonzalez Has Not Provided an Adequate Record or an Adequate Brief*

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate

13

practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented."' [Citation.] '"A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed."' [Citation.] 'Consequently, [the appellant] has the burden of providing an adequate record. [Citation.] Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].'" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609, brackets in original; accord, *Mora v. C.E. Enterprises, Inc.* (2025) 116 Cal.App.5th 72, 87; see Cal. Const., art. VI, § 13; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

"In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 186-187; see, e.g., *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion]; *Bowser v. Ford Motor Co.* (2022) 78 Cal.App.5th 587, 610 [trial]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial].) This is one of those situations.

Reyes-Gonzalez did not submit a transcript or a settled statement of the trial proceedings, as required by California Rules of Court, rule 8.120(b), whenever an "appellant intends to

14

raise any issue that requires consideration of the oral proceedings in the superior court."[4]  Reyes-Gonzalez's failure to submit a record of the trial proceedings is fatal to his argument substantial evidence supported the jury's verdict on his cause of action for negligence.  (See *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["an appellant who attacks a judgment but supplies no reporter's transcript" will not be able to succeed in challenging the sufficiency of the evidence]; see also *Trinity v. Life Ins. Co. of North America* (2022) 78 Cal.App.5th 1111, 1124, fn. 4.)

In the absence of an adequate record, what does Reyes-Gonzalez cite in his briefs?  In some instances, nothing at all.  In his opening brief he makes many factual assertions without citing the record.  Here are two examples:  "The evidence was undisputed that Color Marble distributed artificial stone slabs to which Reyes-Gonzalez was occupationally exposed during his work as a countertop fabricator"; "The substantial evidence here showed that Color Marble sold an artificial stone product that it knew (or should have known) contained silica, a mineral known to cause the well-documented disease of silicosis when inhaled."  Reyes-Gonzalez cites no evidence, let alone substantial evidence, to support these statements.

Sometimes Reyes-Gonzalez presents entire paragraphs that do not cite the record.  Here's an example from his opening brief:  "Color Marble further knew (or should have known) that fabricating custom countertops from its artificial stone slabs involved cutting, grinding, and polishing the slabs, and that such

---

[4]  Reyes-Gonzalez submitted two volumes of reporter's transcript.  One volume is the transcript of the hearing on the motion for judgment notwithstanding the verdict; the other is the transcript of a status conference regarding entry of judgment.

15

activities would release silica-containing dust that Reyes-Gonzalez would inhale.  Color Marble knew this because the only intended use of the slabs was to fabricate them into countertops.  Based on such evidence, especially in light of Reyes-Gonzalez's development of disease, (discussed below), the jury likely found that no reasonable distributor would continue to sell such a dangerous product that, when used as intended, could cause such injury.  Put another way, the evidence was sufficient for the jury to conclude that Color Marble, given what it knew or should have known about artificial stone slabs, breached its duty of due care by the mere act of continuing to sell artificial stone slabs that, when used as intended, would necessarily present a risk of foreseeable harm."  Again, Reyes-Gonzalez cites no evidence, let alone substantial evidence, to support these statements.

And when Reyes-Gonzalez does cite the record, he frequently cites items with little or no evidentiary value.  For example, Reyes-Gonzalez asserts that "Lopez, Color Marble's general manager, admitted that Color Marble sold artificial stone slabs known as 'Color Quartz'" and that "Reyes-Gonzalez and his co-workers, in turn, testified that he worked with artificial stone products that Color Marble distributed."  There is a citation to the record (it's to "AA 430-431"), but it is not to the testimony of a witness or to a trial exhibit.  Instead, it is to a declaration by Reyes-Gonzalez's attorney in opposition to the motion for judgment notwithstanding the verdict that purports to summarize (the attorney's recollection of) trial testimony.  That is not a citation to evidence.  (See Cal. Rules of Court, rule 8.120(b).)

16

The same goes for Reyes-Gonzalez's assertion "Color Marble's expert, Brian Daly, presumed that Reyes-Gonzalez's work with Color Marble's slabs exposed him to significant amounts of harmful silica dust." Reyes-Gonzalez again cites the declaration his attorney submitted in opposition to Color Marble's motion for judgment notwithstanding the verdict, where counsel purports to quote portions of trial testimony. A declaration by counsel is not a substitute for a reporter's transcript.

Reyes-Gonzalez also impermissibly cites legal briefs as evidence, and in some instances he inaccurately represents what he cites. For example, Reyes-Gonzalez asserts "Color Marble conceded that Reyes-Gonzalez worked on slabs supplied by Color Marble on a weekly basis and estimated that he worked on more than 100 such slabs during his career." As support for this statement of fact, Reyes-Gonzalez cites Color Marble's memorandum of points and authorities in support of its motion for judgment notwithstanding the verdict, which again is not evidence. (See *In re Zeth S.* (2003) 31 Cal.4th 396, 413; *Rojas v. HSBC Card Services Inc.* (2018) 20 Cal.App.5th 427, 430; see, e.g., *Villacorta v. Cemex Cement, Inc.* (2013) 221 Cal.App.4th 1425, 1433 [affirming an order denying a motion for judgment notwithstanding the verdict in part because "[a]rgument by counsel is not evidence"].) And in any event, the portion of the memorandum Reyes-Gonzalez cites is a summary of testimony presented at trial; it is not a concession, nor does it support an inference of a concession, by Color Marble.

### 4. *Reyes-Gonzalez Does Not Address All the Elements of His Negligence Cause of Action*

Even if all the statements in Reyes-Gonzalez's opening brief were supported by citations to evidence that is actually in the record on appeal (which they aren't), Reyes-Gonzalez still would not have shown the trial court erred in granting Color Marble's motion for judgment notwithstanding the verdict. This is because Reyes-Gonzalez does not address whether substantial evidence supported every element of his negligence cause of action.

To prevail on a cause of action for negligent failure to warn, the plaintiff must show a product "'is dangerous because it lacks adequate warnings or instructions.'" (*Webb v. Special Electric Co., Inc.*, *supra*, 63 Cal.4th at pp. 180-181; see *Chavez v. Glock, Inc.* (2012) 207 Cal.App.4th 1283, 1304 ["The theory underlying a warning defect cause of action is that the product is dangerous because it lacks adequate warnings or instructions."].) "California law recognizes separate failure to warn claims under both strict liability and negligence theories. In general, a product seller will be *strictly liable* for failure to warn if a warning was feasible and the absence of a warning caused the plaintiff's injury. [Citations.] Reasonableness of the seller's failure to warn is immaterial in the strict liability context. [Citation.] Conversely, to prevail on a claim for *negligent* failure to warn, the plaintiff must prove that the seller's conduct fell below the standard of care. [Citation.] If a prudent seller would have acted reasonably in not giving a warning, the seller will not have been negligent." (*Webb*, at pp. 167, 181, fn. omitted; see *Anderson v. Owens-Corning Fiberglas Corp.* (1991) 53 Cal.3d 987, 1002-1003 [distinguishing failure to warn theories under strict liability and

18

negligence]; *Johnson & Johnson Talcum Powder Cases*, *supra*, 37 Cal.App.5th at p. 321 ["'Negligence law in a failure-to-warn case requires a plaintiff to prove that a manufacturer or distributor did not warn of a particular risk for reasons which fell below the acceptable standard of care, i.e., what a reasonably prudent manufacturer would have known and warned about.'"].) Consistent with these principles, the trial court (apparently) instructed the jury that Reyes-Gonzalez had to prove, among other things, that Color Marble "knew or reasonably should have known that the product was dangerous or was likely to be dangerous when used or misused in a reasonably foreseeable manner" and that "a reasonable manufacturer, distributor, or seller under the same or similar circumstances would have warned of the danger or instructed on the safe use of the product."[5]

Reyes-Gonzalez argues the jury could reasonably have concluded Color Marble breached its duty of care, "given what it knew or should have known about artificial stone slabs." But he does not argue in his brief (or cite any evidence) Color Marble actually knew, or artificial stone suppliers as a group commonly knew, working with artificial stone products generated silica dust and increased the risk of developing lung disease. (See *Johnson & Johnson Talcum Powder Cases*, *supra*, 37 Cal.App.5th at p. 321 ["there is no duty to warn of risks that are merely speculative or conjectural"]; *Valentine v. Baxter Healthcare Corp.*

---

[5]     "Apparently" because Reyes-Gonzalez did not include a transcript of the court's instructions to the jury in the record on appeal. Copies of the written instructions are attached to his attorney's declaration in opposition to the motion for judgment notwithstanding the verdict.

19

(1999) 68 Cal.App.4th 1467, 1483-1484 [a manufacturer is not "charged with knowing more than what would come to light from the prevailing scientific and medical knowledge"].)  Nor does he argue (or cite any evidence) that, while suppliers of artificial stone products generally provided warnings with their products during the relevant time period, Color Marble did not.  In arguing substantial evidence supported the jury's negligence verdict, Reyes-Gonzalez asserts only that he was exposed to silica dust, that such exposure caused his silicosis, and that Color Marble did not provide any information or warnings with its artificial stone products.  None of those facts relates to whether Color Marble breached the applicable standard of care.

Reyes-Gonzalez argues that, because the scope of Color Marble's duty of care was a question of law for the court, he was "not burdened with presenting evidence establishing Color Marble's duty or standard of care."  Fair enough; the existence and scope of a tort duty is a legal issue.  (*City of Hope National Medical Center v. Genentech, Inc.* (2008) 43 Cal.4th 375, 395, fn. 5; *Achay v. Huntington Beach Union High School Dist.* (2022) 80 Cal.App.5th 528, 535; *Mayes v. La Sierra University* (2022) 73 Cal.App.5th 686, 705, fn. 2.)  But even though the scope of Color Marble's duty was a legal issue for the court to decide, Reyes-Gonzalez still had the burden to show Color Marble breached the applicable duty of care.  And Reyes-Gonzalez does not even argue he presented evidence of breach.  He simply assumes Color Marble breached the standard of care by failing to provide a warning, without identifying any facts suggesting Color Marble should have done so.

20

## DISPOSITION

The judgment is affirmed.  Color Marble is to recover its costs on appeal.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.